**LAW OFFICE OF YANA A. LOBODA**
Yana Loboda, Esq. (SBN: 306499)
101 West Broadway Suite 1770
San Diego, CA 92101
yanalobodaesq@gmail.com
(858) 768-0001

**SD LAWYER**
Macyh Nawaey, Esq. (SBN: 303883)
101 West Broadway Suite 1770
San Diego CA 92101
macyh@sdlawyer.com
(858)-800-4000

*Attorneys for Plaintiff,*
*Cecily Thornton-Stearns*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILY THORNTON-STEARNS<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN CAPITAL ENTERPRISES, INC.<br><br>Defendant. | Case No.: '16CV2479 DMS NLS<br><br>**COMPLAINT FOR DAMAGES FOR:**<br>(1) VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§1692 *ET. SEQ.*<br>(2) VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br>(3) NEGLIGENCE<br>(4) INVASION OF PRIVACY<br><br>**JURY TRIAL DEMANDED** |

///
///

## I. INTRODUCTION

1. Plaintiff, Cecily Thornton-Stearns ("Plaintiff") by her attorneys brings this action for actual damages, statutory damages, attorneys' fees, and costs against Defendant, American Capital Enterprises, Inc. ("Defendant") for Defendant's unlawful debt collection practices in repeated violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Fair Debt Collection Practices Act ("FDCPA"), Negligence, and Invasion of Privacy.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress wrote the FDCPA, 15 U.S.C. § 1692 et. seq. to eliminate abusive debt collection practices by debt collectors and insure that those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California legislature in creating the Rosenthal Fair Debt Collection Practices Act has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive act or practices. Cal. Civ. Code §§ 1788.1(a)-(b).

4. Plaintiff makes these allegations upon information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adopted to avoid any such violations.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## PARTIES

8. Plaintiff is a natural person who resides in City and County of San Diego, California, affected by Defendant's unauthorized invasive, abusive, oppressive, and unsolicited persistent telephone calls.

9. Upon information and belief, Defendant is and at all relevant times mentioned herein was, a California full service collection agency, specializing in collecting consumer's debt.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 15 U.S.C. 1692k.

11. Defendant does business within the State of California, is incorporated within the State of California, and its principal place of business is in the city of Temecula, Riverside County, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's violations of the FDCPA, RFDCPA, and tortious

conduct occurred in the city and county of San Diego, California.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff is an individual residing within the State of California.

14. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

15. Sometime prior to December 12, 2012, Plaintiff allegedly incurred financial obligations to Rady Children's Hospital – San Diego (Rady's Children Hospital) that were money, property, or their equivalent, which were alleged to be due or owing, from a natural person to another person, and are a "consumer debt" as defined by 15 U.S.C. § 1692a(6).

16. These disputed financial obligations were primarily for personal, family, or household purposes, and are therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. Upon information and belief, Rady Children's Hospital assigned, placed, transferred, or sold the debt to Defendant, American Capital Enterprises, Inc. to collect the alleged debt.

18. Upon information and belief, and better known to the Defendant, Defendant on behalf of Rady Children's Hospital (or another third party) began efforts to collect an alleged debt from Plaintiff.

19. While Plaintiff disputes the validity of her alleged debt, as it is irrelevant to this action, Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

20. Upon information and belief, the Defendant began its collection efforts and campaign of communications with the Plaintiff sometime in 2012 by placing multiple telephone calls on Plaintiff's residential telephone number, 858-538-1009.

21. Each phone call from Defendant was identified through Plaintiff's caller ID, which displayed the caller as "AMCAP INC."

22. As a result of the persistent phone calls from the Defendant, Plaintiff and Plaintiff's husband, Richard Stearns, wishing to stop her frustration, anxiety, embarrassment, distress, and invasion of privacy, communicated with the Defendant both orally, on March 28, 2012, and in writing on December 12, 2012 requesting that Defendant refrains from contacting Plaintiff via telephone, email, or fax.

23. During the March 28, 2012 telephone conversation with Max Lexi, Defendant's Representative, Plaintiff learned that Defendant was collecting the alleged debt on two (2) separate accounts.

24. Plaintiff further requested during her oral conversation on March 28, 2012, and in her written correspondence on December 12, 2012, any and all documentation supporting the disputed financial obligations.

25. Despite Plaintiff's both oral and written requests for Defendant to discontinue any telephone, email, or facsimile communications with the Plaintiff, Defendant continued to place multiple telephone calls invading Plaintiff's privacy, causing Plaintiff to suffer distress, frustration, and anxiety.

26. Defendant placed multiple unsolicited telephone calls to Plaintiff's residential telephone number 858-538-1009 regarding the alleged debt including but not limited to the telephone calls made on October 7, 2015, at approximately 9:33 am, October 12, 2015, at approximately 8:57 am, October 19, 2015 at approximately 08:57 am, November 2, 2015 at approximately 9:43 am, November 5, 2015 at approximately 7:58 pm, November 11, 2015 at approximately 11:44 am, December 9, 2015, at approximately 9:45 am, January 2, 2016 at approximately 9:41 am, and

April 20, 2016, at approximately 9:54 am, on April 27, 2016, and April 29, 2016.

27. On multiple occasions within the past year, Defendant placed 2-3 telephone calls per a day.

28. Each time Plaintiff or her husband, Richard Stearns, answered Defendant's phone calls, they heard a pause and then the phone calls were transferred to a representative of the Defendant.

29. As a direct and proximate result of Defendant's unfair, oppressive, and abusive tactics in collecting on two (2) alleged separate accounts from Plaintiff, Plaintiff has suffered emotional distress and mental anguish by way of embarrassment, shame, anxiety, fear, loss of sleep, worry, shock, humiliation, and feelings of despair over the fact that Defendant has continued its collection efforts.

30. The persistent abusive, oppressive, and harassing phone calls compelled Plaintiff to disconnect her landline completely in order to stop Defendant's persistent, invasive, and unsolicited phone calls.

31. Through the above-alleged conduct, Defendant has violated 15 U.S.C. §§1692c(a)(1), 1692c(c), 1692d, 1692d(5), 1692f, 1692f(1), and RFDCPA as discussed below.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §§ 1692 ET SEQ.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, 15 U.S.C.§§ 1692 et seq.

34. Pursuant to 15 U.S.C. § 1692c(a)(1), a debt collector "may not communicate

with a consumer in connection with the collection of any debt – (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer[,]" absent "the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction."

35. Defendant was on notice since 2012, both orally and in writing that Defendant was not authorized to contact Plaintiff via telephone, email, or fax, and that any such communications would not be convenient for the Plaintiff.

36. Despite Plaintiff express request to cease telephone communications with Plaintiff in regards to the alleged debt, Defendant continued placing multiple telephone calls in violation of 15 U.C.S. § 1692c(a)(1).

37. Pursuant to 15 U.S.C. § 1692c(c), if a "consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt[.]"

38. After Plaintiff expressly requested Defendant to cease any telephone communications regarding the alleged debt and disputed the validity of the debt both orally on March 28, 2012, and in writing on December 12, 2012, Defendant continued to place multiple telephone calls to Plaintiff, the exact number of which is better known to the Defendant.

39. Pursuant to 15 U.S.C. § 1692d, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

40. Defendant, knowingly that its telephone calls are unwelcome and harass, disturb, and annoy Plaintiff, continued placing multiple phone calls within the past year, including at times 2-3 phone calls made per a day, in attempt to

harass, oppress, or abuse Plaintiff in violation of § 1692d.

41. Pursuant to § 1692d(5), a debt collector is prohibited from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

42. Despite Plaintiff's express request that Defendant ceases any and all telephonic communications, continued to place multiple repeated phone calls with intent to annoy, abuse, and harass Plaintiff in violation of § 1692d(5).

43. Pursuant to 15 U.S.C. § 1692f, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

44. Defendant unfair and unconscionable means to collect the alleged debt are evidenced by Defendant's multiple unfair, harassing, oppressive, emotionally abusive telephone calls to Plaintiff, despite Plaintiff's and her husband's requests to cease and desist any telephone communications to Plaintiff's phone in violation of § 1692f.

45. Pursuant to 15 U.S.C. § 1692f(1), a debt collector may not collect any amount, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

46. Defendant failed to provide Plaintiff with any explanation, breakdown, invoices, charges, or other documentation explaining the creation of the alleged debt, date and time when the debt was created, original application of the two (2) account, or any related signed contracts in violation of § 1692f(1).

47. Defendant's acts and omissions described herein constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

48. As a direct and proximate result of Defendant's unfair, oppressive, and

abusive tactics in collecting on two (2) alleged separate accounts from Plaintiff, Plaintiff has suffered emotional distress and mental anguish by way of embarrassment, shame, anxiety, fear, loss of sleep, worry, shock, humiliation, and feelings of despair over the fact that Defendant has continued its collection efforts.

49. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)
### Cal. Civ. Code §§ 1788-1788.33

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

52. Defendant is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

53. The financial obligation allegedly owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

54. Defendant violated RFDCPA by repeatedly and continuously calling Plaintiff to annoy, embarrass, and harass Plaintiff, in violation of Civ. Code § 1788.11 (d) and (e), despite Plaintiff's multiple express requests to cease any telephonic communications.

55. Defendant's harassing, oppressive, and abusive phone calls were made

willfully and knowingly in violation of RFDCPA pursuant to Cal. Civil Code § 1788.30(b).

56. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of actual and statutory damages, attorneys' fees and costs in an amount to be determined at trial.

57. Pursuant to Cal. Civil Code § 1788.32, the remedies under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

58. Pursuant to Cal. Civil Code § 1788.17 the RFDCPA, every debt collector must comply with the FDCPA provisions §§ 1692b to § 1692j.

59. Defendant's acts and omissions described herein constitute numerous and multiple violations of the FDCPA as it is incorporated within the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA.

60. As a direct and proximate result of Defendant's unfair, oppressive, and abusive tactics in collecting on two (2) alleged separate accounts from Plaintiff, Plaintiff has suffered mental anguish and emotional distress by way of embarrassment, shame, anxiety, fear, loss of sleep, worry, shock, humiliation, and feelings of despair over the fact that Defendant has continued its collection efforts.

61. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages, statutory damages for willful and negligent violations up to $1,000.00 for each violation pursuant to Cal. Civ. Code § 1788.30 (b), and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30 (c).

## THIRD CAUSE OF ACTION
## NEGLIGENCE

62. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

63. Defendant owed various duties to Plaintiff pursuant to the FDCPA and RFDCPA, as alleged in detail above. Specifically Defendant owed a duty to Plaintiff with its manner of debt collection practices.

64. Defendant breached its duties by engaging in the acts as alleged above in each of the violations of the FDCPA and RFDCPA.

65. Plaintiff asserts that Defendant is both the actual and legal cause of Plaintiff's injuries.

66. Plaintiff believes and alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered actual damages, emotional distress, embarrassment, shame, anxiety, fear, loss of sleep, worry, shock, humiliation, and feelings of despair.

67. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. Defendant's conscious disregarded Plaintiff's rights, entitles Plaintiff to recover punitive damages from Defendant.

## FOURTH CAUSE OF ACTION
## INVASION OF PRIVACY (INTRUSION UPON SECLUSION)

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. Plaintiff has a reasonable expectation of privacy at home such that Defendant would not continue to communicate and harass Plaintiff in unlawful, intrusive, and abusive telephone calls in an effort to collect a debt.

70. Courts have held that repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion. *See e.g. Fausto v. Credigy*, 598 F. Supp. 2d 1049, 1056 (N.D. Cal. 2009).

71. Defendant intentionally intruded on Plaintiff's privacy, by persistently harassing Plaintiff after Plaintiff's express requests both orally and in writing to cease any and all telephonic communications with Plaintiff.

72. Defendant's offensive, unlawful, abusive, oppressive communications caused Plaintiff to eventually discontinue her landline telephonic services as a result of the persistent non-stop debt collection calls.

73. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in amount to be determined according to proof.

74. As a result of Defendant's unfair, oppressive, and abusive invasion of Plaintiff's privacy by making repeated unsolicited telephone calls to Plaintiff, Plaintiff has suffered mental anguish and emotional distress by way of embarrassment, shame, anxiety, fear, loss of sleep, worry, shock, humiliation, and feelings of despair over the fact that Defendant has continued its collection efforts.

75. Defendant's egregious violations as described above, acting in oppressive, malicious, despicable, gross and wanton manner, consciously disregarding Plaintiff's rights, entitle Plaintiff to recover punitive damages from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a. an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

b. an award of statutory damages of $1,000.00 for each and every FDCPA violation pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

d. an award of actual damages, in an amount to be determined at trial,

pursuant to Cal. Civ. Code § 1788.30(a);

e. an award of statutory damages up to $1,000.00 for each and every RFDCPA violation pursuant to Cal. Civ. Code § 1788.30(b);

f. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

g. an award of punitive damages, in an amount to be determined at trial;

h. and any an all other relief that this Court deems just and proper.

Respectfully submitted by,

Dated: October 3, 2016     **SD LAWYER**

By: /s/ M. Na———

MACYH NAWAEY, ESQ.
ATTORNEY FOR PLAINTIFF

### TRIAL BY JURY

76. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted by,

Dated: October 3, 2016     **SD LAWYER**

By: /s/ M. Na———

MACYH NAWAEY, ESQ.
ATTORNEY FOR PLAINTIFF